NG DO-KHANH, PC
Daniel Do-Khanh (SBN 195323)
8001 Irvine Center Dr., Suite 1090
Irvine, California 92618
Tel:   (949) 748-8338
Fax:  (949) 748-8339
Email: daniel@ndklaw.com

JS - 6

Attorneys for Plaintiff,
NUTRIVITA LABORATORIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRIVITA LABORATORIES, INC., a California corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>M V COSMETIC, a business entity form unknown; VAN MAI, an individual, doing business as M V COSMETIC; and DOES 1 through 20, inclusive,<br><br>　　　　　　　　Defendants.<br>_____ | **CASE NO: SACV 10-1142-JVS(Ex)**<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION PURSUANT TO STIPULATION** |

**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**

WHEREAS, Plaintiff Nutrivita Laboratories, Inc. ("Plaintiff"), is the exclusive license holder for a registered trademark for a dietary supplement known as ARTHRO 7, which promotes joint health;

WHEREAS, Defendants M V Cosmetic and Van Mai, an individual doing business as M V Cosmetic (collectively "Defendants"), since at least the beginning of 2010, have produced and distributed a dietary supplement called ARTHRI 7.1, which promotes joint health, and sold in packaging nearly identical in appearance to Plaintiff's ARTHRO 7 packaging;

WHEREAS, Plaintiff filed the above-captioned action against Defendants on or about July 28, 2010, for Trademark Infringement, Unfair Competition, False Description, and Injury to Business Reputation;

WHEREAS, Plaintiff and Defendants, wishing to avoid the expense, uncertainty, inconvenience, and other burdens of litigating this action agree to a settlement of their dispute;

WHEREAS, Defendants have waived service of the summons and complaint and have agreed to settlement of this action without adjudication of any issue of fact or law;

NOW THEREFORE, Plaintiff and Defendants hereby stipulate and agree to the entry of this Stipulated Consent Judgment and Permanent Injunction against Defendants M V Cosmetic and Van Mai, an individual doing business as M V Cosmetic, as follows:

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over this matter and the parties hereto pursuant to 28 U.S.C. § 1338(a) and (b), and § 1367, and 15 U.S.C. § 1121.

2. Venue is proper as to all Parties in this District.

3. The Stipulated Consent Judgment and Permanent Injunction is final. Plaintiff and Defendants hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

4. Defendants, individually or doing business under any other name or using any other entity, their officers, agents, servants, employees, attorneys, and any person or entity acting in concert or participation with them are hereby immediately and permanently restrained from:

   (a) From using the name ARTHRI 7.1 (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used along or in combination with any word or words, and whether used in caption, text, orally or otherwise), as a trade name, trademark, service mark, Internet Domain address or name, or in any other manner which suggests in any way that Defendants' products or services come from or are somehow sponsored by or affiliated with ARTHRO 7 or Plaintiff.

   (b) From advertising, promoting, displaying, distributing, consigning, selling, or in any other way profiting from the ARTHRI 7.1 name or product.

   (c) From manufacturing or causing to be manufactured the ARTHRI 7.1 product.

   (d) From using the mark ARTHRO 7 (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used along or in combination with any word or words, and whether used in caption, text, orally or otherwise), as a trade name, trademark, service mark, Internet Domain address or name, any reproduction, copy or colorable imitation, or in any other manner which suggests in any way that Defendants' products or services come from or are somehow sponsored by or affiliated with ARTHRO 7 or Plaintiff.

   (e) From using Plaintiff's ARTHRO 7 packaging trade dress or the current trade dress for Defendants' ARTHRI 7.1 packaging, as a trademark or in any other manner which suggests in any way that Defendants' products or services come from or are somehow sponsored by or affiliated with ARTHRO 7 or Plaintiff.

     (f)     From infringing on Plaintiff's license for federal trademark registration, Registration Number 2398397.

     (g)     From using in connection with Defendants' activities any false or deceptive designation, representation or description of Defendants or of their activities, whether by symbols, words, designs or statements, which would damage or injure ARTHRO 7 or Plaintiff, or give Defendants an unfair advantage in the marketplace.

     (h)     From passing off, inducing, or enabling others to sell or pass off any good or service to the public as genuine, authorized, or otherwise emanating from or sponsored by or affiliated with ARTHRO 7 or Plaintiff.

5.     Defendants shall immediately notify Defendants' manufacturers of the ARTHRI 7.1 of this Order and cancel and cease production of ARTHRI 7.1. Defendant shall provide to Plaintiff the identities of Defendants' manufacturers of ARTHRI 7.1, and all purchase orders Defendants have issued for ARTHRI 7.1. Defendants further shall, at their own cost and expense, surrender and cause to be delivered to Plaintiff all ARTHRI 7.1 in its possession and the possession of its manufacturers.

6.     Defendants shall immediately notify all sellers, resellers, consignees, and any others in the chain of distribution who have received delivery of ARTHRI 7.1 of this Order and recall the product from them. Defendants further shall, at their own cost and expense, surrender and cause to be delivered to Plaintiff all recalled ARTHRI 7.1 product.

7.     Defendants shall pay to Plaintiff all monies which they have received, or which they will be entitled to receive, from the sale and distribution of ARTHRI 7.1. Defendants shall provide a full, complete, and correct accounting to Plaintiff reflecting the sale and distribution of ARTHRI 7.1 to verify the proper sums to be paid to Plaintiff.

8. Plaintiff's claims against Defendants are hereby dismissed with prejudice and without costs to either party, except that the Court shall retain jurisdiction of this matter for purposes of enforcement of this Stipulated Consent Judgment and Permanent Injunction.

**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff Nutrivita Laboraties, Inc., and against Defendants M V Cosmetic and Van Mai, an individual doing business as M V Cosmetic, pursuant to all the terms and conditions recited above.

**IT IS SO ORDERED.**

Dated: September 26, 2010   _____
THE HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Consented to by:

Dated: August ____, 2010   _____
M V Cosmetic
Pro Se Defendant
By: Van Mai
Owner

Dated: August ____, 2010   _____
Van Mai, an individual
Pro Se Defendant

Dated: August ____, 2010   _____
Daniel Do-Khanh, Esq.
Ng Do-Khanh, PC
Attorneys for Plaintiff,
NUTRIVITA LABORATORIES, INC.